388 A.2d 1038

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard Lee DODSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided July 14, 1978.

Blake E. Martin, Public Defender, E. Franklin Martin, Asst. Public Defender, for appellant.

John R. Walker, Dist. Atty., William C. Cramer, Asst. Dist. Atty., John F. Nelson, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Richard Lee Dodson, was convicted of murder of the first degree and kidnapping. Post-verdict motions were denied following which appellant received a sentence of life imprisonment for the murder conviction and a consecutive term of ten to twenty years imprisonment for the kidnapping conviction. Appellant's murder conviction was appealed to this Court and his kidnapping conviction was appealed to the Superior Court which transferred the appeal here.

Appellant raises nine issues. We have considered these issues and find them to be without merit. The statement of the questions involved as presented by the appellant are as follows:

"1. The trial court erred in determining that the evidence presented by the Commonwealth was sufficient to sustain a finding that the crime may rise to first degree murder and erred in securing the assignment of a three-judge panel to hear evidence of degree of guilt.

2. The trial court erred in convening on July 8, 1977, a three-judge panel to determine degree of guilt, thereby violating defendant's constitutional rights under the United States and/or Pennsylvania Constitutions against twice being placed in jeopardy of life and limb.

3. The judgment of the trial court at the degree of guilt hearing on July 8, 1977, was against the evidence, the weight of the evidence and/or the law.

4. The evidence presented by the Commonwealth was not sufficient to sustain a finding that the crime constituted murder of the second degree, and the trial court erred in securing the assignment of a three-judge panel to hear evidence of degree of guilt.

5. The evidence presented by the Commonwealth was not sufficient to sustain a finding that the crime constituted murder of the third degree, and the trial court erred in securing the assignment of a three-judge panel to hear evidence of degree of guilt.

6. The trial court erred in sentencing defendant on a charge of kidnapping because he had already been sentenced to a life term for first degree murder, and the kidnapping charge grew out of the same conduct or the same episode, and thus would constitute double jeopardy.

7. The trial court erred in sentencing defendant on the charge of kidnapping to a consecutive term to a sentence on a charge of first degree murder because that would constitute cruel and unusual punishment under the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

8. The trial court erred in recalling defendant the day after his sentencing on the kidnapping and indecent assault charges, to state for the record, the reason for the sentence which should have been done prior to sentencing, and which procedure denied defendant and his counsel an opportunity to refute such reasons.

9. The trial court erred in sentencing defendant on the charges of kidnapping consecutively to the life term imposed on the homicide charge, because although the sentence is within statutory limits set by law, under the circumstances of the case the sentence is manifestly excessive."

Judgments of sentence affirmed.